RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/12/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ADRIAN RENARD MINOR             DOCKET NO. 10-CV-1077; SEC. P
LA. DOC #441976

VERSUS            JUDGE JAMES T. TRIMBLE, JR.

WARDEN, ALLEN CORR. CENTER      MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Pro se petitioner Adrian Renard Minor filed the instant petition for writ of habeas corpus (28 U.S.C. §2254) on June 23, 2010.[1] Petitioner in an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center in Kinder, Louisiana. Petitioner attacks his 2005 manslaughter conviction rendered in the Twelfth Judicial District Court, Avoyelles Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be DISMISSED WITH PREJUDICE as time-barred by the provisions of 28 U.S.C. §2244(d).

### Background

Petitioner pled guilty to a charge of manslaughter on April 25, 2005. On August 29, 2005, Petitioner was sentenced to serve

---

[1] The petition remained deficient until Petitioner paid the $5.00 filing fee on October 25, 2010.

twenty years at hard labor, without benefit of parole, probation, or suspension of sentence. [Doc. 1-3, p.2] He did not appeal his conviction or sentence. [Doc. 1-1, p.2] Petitioner filed an application for post-conviction relief in the Twelfth Judicial District Court on August 9, 2007. [Doc. #1-1, p.3] A hearing on Petitioner's application was conducted on August 19, 2008, during which, the application was denied. [Doc. #1-3, p.32-125] Petitioner sought supervisory writ in the Third Circuit Court of Appeal on March 31, 2009, but the writ was denied on June 16, 2009. [Doc. #1-3, p.129] Petitioner applied for supervisory and/or remedial writs in the Louisiana Supreme Court; writs were denied on May 7, 2010.

## Law and Analysis

**1. Timeliness under § 2244(d)(1)(A)**

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In re Smith, 142 F.3d 832, 834 (5th Cir. 1998), citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide **a one-year statute of limitations for the filing of an application for writ of habeas corpus** by persons, such as petitioner, who are in custody pursuant to the judgment of a

2

State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A). Federal courts may raise the one-year time limitation sua sponte. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not seek direct review, so his judgment of conviction became final at "the expiration of the time for seeking such review." Petitioner was sentenced on August 29, 2005. Under the provisions of La. C.Cr.P. art. 914, he had a period of thirty days within which to appeal. Thus, the time for seeking direct review expired on September 28, 2005. That means that the one year limitations period began to run on **September 28, 2005. Petitioner had until September 28, 2006, to file his federal habeas petition.**

   a.   **Statutory Tolling**

Petitioner claims that he is entitled to statutory tolling under 28 U.S.C. §2244(d)(2), which provides that the time in which a properly filed application for post-conviction relief is pending in state court does not count toward the limitation period. See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). ***However, any lapse of time before the proper filing of an application for post-conviction relief is counted against the one-year limitation period.*** See Villegas, 184 F.3d 467, citing

3

Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). In Petitioner's case, the one year limitations period began and expired before the application for post-conviction relief was filed. Therefore, the statutory tolling of 28 U.S.C. §2244(d)(2) is inapplicable to Petitioner's case.

    b.  **Equitable Tolling**

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner has not presented any allegations that would support equitable tolling, nor does anything

4

in the record indicate that equitable tolling would apply in this case.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DISMISSED WITH PREJUDICE** because Petitioner's claim is barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

5

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Thus done and signed at Alexandria, Louisiana this \_\_\_\_ day of _____, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE